FILED

DEREK S. PERKINS )
)
*Petitioner* )
)
v. )
)         Case No.
)
Warden, FCC Coleman-Low )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

23 FEB -2 A11: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA
*(supplied by Clerk of Court)*

5:23-cv-77-WFJ-PRL

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  DEREK S. PERKINS
    (b) Other names you have used:
2.  Place of confinement:
    (a) Name of institution:  FCC Coleman Low
    (b) Address:  PO Box 1031
                  Coleman, FL 33521-1031
    (c) Your identification number:  • 51634-018
3.  Are you currently being held on orders by:
    ☒ Federal authorities       ☐ State authorities       ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you: •
            South Carolina
        (b) Docket number of criminal case: • 3:21-208
        (c) Date of sentencing: • 6-24-2022
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
    revocation or calculation of good time credits)

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6.  Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court:   Federal Bureau of Prisons

   (b) Docket number, case number, or opinion number:   N/A

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   The Bureau of Prisons is unlawfully withholding my First Step Act Time Credits and their application.

   (d) Date of the decision or action:   Ongoing

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes          ☑ No

   (a) If "Yes," provide:

       (1) Name of the authority, agency, or court:

       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised:

   (b) If you answered "No," explain why you did not appeal:   Appeal process is inadequate
   to obtain relief sought. See attached supporting memorandum.

8.  **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes          ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes    ☑ No

(a) If "Yes," provide:

    · (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes    ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody:

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

If "Yes," provide:

    (1) Date of filing:

    (2) Case number:

    (3) Result:

    (4) Date of result:

    (5) Issues raised:

(d)    Did you appeal the decision to the United States Court of Appeals?

    ☐ Yes        ☑ No

    If "Yes," provide:

    (1) Name of court:

    (2) Date of filing:

    (3) Case number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes        ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Bureau of Prisons is witholding Petitioner's First Step Act time credits in violation of the Administrative Procedures Act

    (a) Supporting facts *(Be brief. Do not cite cases or law.)*:

See Continuation page.

    (b) Did you present Ground One in all appeals that were available to you?
    ☐ Yes       ☒ No

**GROUND TWO:** N/A

    (a) Supporting facts *(Be brief. Do not cite cases or law.)*:

    (b) Did you present Ground Two in all appeals that were available to you?
    ☐ Yes       ☐ No

**GROUND THREE:** N/A

    (a) Supporting facts *(Be brief. Do not cite cases or law.)*:

    (b) Did you present Ground Three in all appeals that were available to you?
    ☐ Yes       ☐ No

**GROUND FOUR:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: See attached supporting memorandum

**Request for Relief**

15. State exactly what you want the court to do: Enjoin the Bureau of Prisons to immediately award and apply all First Step [illegible]

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

1-24-2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1-24-2023

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

Case 3:23-cv-00077-TMB-KFR   Document 1   Filed 02/03/23   Page 9 of 20

Supporting Facts:

As a federal agency created by statute the BOP is responsible for fully complying with all applicable statutes and only the actions authorized to it by Congress. With respect to the FSA, the BOP has failed to do so by totally failing to award the Petitioner any and all of his Time Credits as they are due.

The actions the BOP has taken in violation of the FSA against the Petitioner includes:--

--Arbitrarily and capriciously determining that Petitioner's Credits should not be awarded for completion of Recidivism Reduction Programs (EBRRP) and Productive Activities (PA);

--Exceeding it's statutory authority, which, as Congress has established, is only to award and apply FSA ETC's for inmate participation in PA's and EBRRP's.

The BOP has unduly and grossly harmed the petitioner in refusing to award him his FSA ETC's as it was obliged to do by statute, and has made agency decisions that have considered factors that Congress did not authorize in it's deciding to depriv Petitioner of the ETC's he is entitled to. This court should enjoin the BOP to properly apply the FSA ETC's to the Petitioner's sentence and towards an expedited deportation hearing, effectively deporting the Petitioner to his home country immediately. Transferring the Petitioner to the custody of the U.S. Dept. of Justice, Executive Office for Immigration Review, Immigration Court, 180 Ted Turner Drive SW, Suite 241, Atlanta, GA 30303.

Petitioner thus provides these additional legal arguments in support of his 28 U.S.C. Section 2241 Motion.

## I. ADMINISTRATIVE EXHAUTION IS FUTILE.

While Section 2241 generally required petitioners to complete the administrative appeals process before proceeding to "a court may waive the exhaustion requirement remedies are effectively unavailable or obviously futile." United States v. Mullings, 2020 U.S. Dist. LEXIS 83104 at *H2 (N.D. GA. 2020). An administrative remedy is unavailable if it cannot capa used to obtain some relief. Ross v. Blake, 136 S. Ct. 1850 (2016); see Boz v. United States, 248 F 3d 1290, 1300 (11th 2001)("a petitioner need not engage in his administrative remedies where the administrative process cannot provide relie commensurate with the claims.") The BOP's administrative remedy process cannot provide relief for Petitioner, because automated BOP-wide system used to calculate FSA ETC's cannot be changed by lower level staff and is a procedural de end; and (2 Petitioner is actively being harmed by the BOP's very recent policy changes, and he cannot timely complete t administrative remedy process without extending the length of his incarceration.

With respect to the former, the BOP has recently begun usage of a centralized automated system to calculate FSA ETC (See Exhibit #1: Sept. 7, 2022, BOP FSA Memorandum). Because this calculation is automated, the outcome of an administrative appeal would be predetermined; Petitioner's current ETC result is what the BOP's system says it must be, notwithstanding what is required by law. This renders exhaustion futile. See McCarthy v. Madigan, 503 U.S. 140, 148 (199

As to the latter, Petitioner has less than _____ months remaining in his sentence. He requires extended credit for up to a under the Second Chance Act. Based on the Productive Activities and Recidivism Reduction Programs Petitioner has participated in, he should have already accrued over a year of earned FSA Time Credits.

Other District courts have found that the administrative remedy process can easily take 5 months. Tensley v. Outlaw, 20 U.S. Dis. LEXIS 6672=38 at *2 (E.D. Ark. 2010). In truth, the volume of prisoners filing administrative remedies because of BOP's FSA violations will mean this process could take much longer as the BOP is overloaded with administrative appellat proceedings. In the Petitioner's situation, he will not be able to seek timely relief.

The BOP's most recent memo and policy was poste on September 7, 2022, (exhibit #1). Petitioner could not have engag administrative remedies earlier, but, even if he did now, he would be unable to complete the futile process of challenging a centralized automated agency-wide process until after he lost the time he needs in pre-release custody. The administrative remedy process is thus unable to grant the Petitioner the relief he seeks. See Gallegos-Hernandez v. United States 688 F. 190, 194 (5th Cir. 2012).

## II. BOP HAS VIOLATED THE APA

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. Section 702. The OP has here deprive Petitioner his entitled FSA ETC's through violation of statute and exceeding it's statutory authority. The BOP has violated the Administrative Procedures Act (heretofore referred to as "APA").

At the threshold, the APA specifically contemplated judicial review of agency relevant grounds in tandem with habeas corp actions. See 5 U.S.C. Section 703; Wright v. Haynes, 410 Fed Appx.. 262, 264 (11th Cir. 2011). This court is also not prohib from conducting an APA review of BOP decisions undertaken per 18 U.S.C. Section 229, Subchapter D. See 18 U.S.C. Sect 3625 (only restriction APA from agency decisions made per Subchapter C). The APA ground is therefore properly before this court.

The APA requires the court to hold unlawful agency actions, as applicable here, that are arbitrary and capricious or in exce: of it's statutory authority granted by Congress, See 5 U.S.C. Section 706(2)(A),(C).

## 1. ARBITRARY AND CAPRICIOUS

An agency action is arbitrary and capricious if it's decision relied on factors that Congress had not intended to consider.

Case 5:23-cv-00077-WFJ-PRL Document 1 Filed 02/02/23 Page 11 of 20 PageID 11

power to consider if declining or "opting out" of a BOP determined program "needs prevent the awarding of FSA ETC's is entirely predicated on an inmate's elig 1257, 1264 (11th Cir. 2009). For example, the FSA did not give and whether the inmate has participated in evidence based recidivism reduction programs or productive activities. See 18 U.S.C. Section 3632(d)(4)(A), (C). Indeed, the law states that the BOP "shall" (as in, "must") award these credits. See id. A per the obligations by the law, it should do so for the Petitioner immediately.

(See Exhibit #1). To the contrary, the law clearly states that the awarding of ETC's is entirely predicated on an inmate's elig

## 2. THE BOP IS ACTING IN EXCESS OF IT'S STATUTORY AUTHORITY

Congress intended for the FSA to quite simply be an incentive-based program "for prisoners to participate in and complete evidence-based recidivism reduction programs..." 18 U.S.C. Section 3632(d). Further, the law does not give the BOP any po to determine whether it may choose to grant FSA ETC's to low and minimum recidivism risk inmates who participate in recidivism reduction based programming or productive activities; the BOP simply must award them. See 18 US.C. Section 3 (d)(4)(A), (C).

The Supreme Court recently reiterated that an agency "must point to clear congressional authorization for the power it claims." West Virginia v. EPA 597 U.S. ____, ____ (slip op. at 19). Congress did not authorize the BOP to develop gate-keepin dilatory measures to award FSA ETC's. The BOP is only authorized to identify the recidivism reduction programs and productive activities with no further distinction, and award and apply all FSA ETC's for eligible participating inmates as define by statute, immediately and on an ongoing basis.

The BOP has instead established hurdles and dilatory practices that it has no power to impose towards prisoners receiving FSA ETC's, and, as a result, has failed to grant Petitioner the FSA ETC's he is entitled to.

This court should find the BOP in clear and gross violation of the APA , and enjoin them BOP to properly apply the law to th Petitioner with the respect to the proper calculation and application of his FSA ETC's.

DECLARATION

I Derek Perkins, hereby state the following under penalty of perjury.

1. The First Step Act of 2018 (Pub, L 115-391, December 21, 2018, 132 Stat 5194) is the governing law concerning me receiving my FSA Earned Time Credits.

2. The Bureau Of Prisons (BOP) on January 2022 Codified their "Procedures" regarding earning and application of time credits as authorized by the First StepAct of 2018 (FSA) (Federal Register, Vol. 87, No. 12, Wednesday, January 19, 2022 p. 2705). This final Codified document provided by the BOP ONLY addresses "the procedures for earning, awarding, loss, and restoration of FSA Time Credits." Id at 2712.

3. I am eligible for the First Step Act of 2018 (see 18 U.S.C 3632 (D))

4. My projected release date is September 17, 2024.

5. I have earned FSA ETC's from continuous Participation in Evidence Based Recidivism Reduction Programs "EBRRP's" and Productive Activities "PA's" since December 21, 2018. See 18 U.S.C 3621 (h), 18 U.S.C 3621 (d)(4).

6. I am entitled to 10 days of FSA ETC's per Month Since December, 27, 2018 for a Minimum of 460 Days of FSA ETC's (120 days of FSA ETC's for 2019, 120 of FSA ETC's for 2020, 120 days of FSA ETC's for 2021, and 100 days for 2022 (October). Id. at 2706.

7. All FSA ETC's should have been applied no later than January, 15, 2022, Which was the deadline for all inmates to receive their FSA ETC's as stated in the First Step Act of 2018 Passed by Congress.

8. All additional FSA ETC's in excess of 365 days, and in addition to My entitled RRC/Halfway House 12 Months that I have earned, Must be applied to additional RRC/Halfway House, Home Confinement, or Supervised Release, as set forth in the First Step Act of 2018.

9. I have been recommended for 121-150 days RRC/Halfway House Placement, for meeting all the require set forth in the Second Chance Act, Which should have already been Applied.

10. On October 16, 2022 Case Manager Ebey told Me Personally that He will not Award Me My FSA ETC's.

It is clear Case Manager Ebey and The BOP has no intention of awarding Me my FSA ETC's, which I am entitled to, Violating federal law and my Constitutional Rights.

I declare under penalty of perjury that the foregoing is true and correct.

—Derek Perkins

Derek Perkins   # 51634-018        10/31/2022

# EXHIBIT #1

Recently, the Bureau has launched the Federal Time Credits (FTCs) auto-calculation application. All eligible inmates will be reviewed regardless of PATTERN risk level release date, and credits will be applied consistent with the final rules language and implementing text.

As a reminder, the unit team will determine an inmate's eligibility to earn FTCs based on the current conviction and prior criminal convictions.

The earning of FTCs is based on "earning status," and NOT participation and/or completion of individual programs. **Inmates who refuse or fail to complete any portion of the needs assessment and/or refuse or decline any program recommended to address as specific identified need area, is considered "opted out" and will not earn FTCs.**

The following items have been incorporated into the calculation of FTCs:

- While inmates can begin earning time credits starting with the enactment of the statute, the "presumed participation" period only extends from December 21, 2018, through January 14, 2020.
- During the "presumed participation" period and through April 28, 2021, the PATTERN risk level calculated on April 28, 2021 (PATTERN auto-calculation start date), will be used to determine the initial risk level and FTC earning rate.
- During the "presumed participation" period, only those days when the inmate was incarcerated outside the facility, housed in the Special Housing Unit, or on refused/declined status for a pre-FSA programming (e.g., FRP, Drug Education, GED, etc.) will be excluded from successful participation and credit will not be earned.
- **From January 15, 2020, forward, all components of the SPARC-13 needs assessment must be complete to be eligible to earn FTCs. Failing to do so is considered "opted out." In other words, if an inmate fails to complete a required survey or declines to enroll in a recommended program which addresses a specific need, the inmate will not be eligible to earn FTCs.**
- In order to earn or apply the higher earning rate of 15 days (for every 30 day period of successful EBRR or PA recommended), inmates need a PATTERN level of minimum or low risk or have dropped to a minimum or low risk level and maintained it for two consecutive assessment periods.

placement to apply FTCs to early release. While inmates continue to earn FTCs, inmates can only apply the FTCs if they have no detainers, unresolved pending charges, and/or unresolved immigration status issues.

- **Eligible inmates will continue to earn FTCs toward early release until they have accumulated 365 days OR are 18 months from their release date, <u>whichever happens first</u>. At this point, the release date becomes fixed, and all additional FTCs are applied toward RRC/HC placement.**

- FTCs will be updated monthly, and an FSA Time Credits Assessment worksheet will be maintained in the central files. The most current copy will be provided during the regularly schedule Program Review team meeting.

- FTCs earned toward RRC/HC placement will be applied in addition to release needs-based recommendations made under the Second Chance Act.

- FTCs may be applied toward early release in addition to the early release benefit for RDAP graduates; however, inmates are still required to complete the required 120-day RRC/HC placement. Dropping out of RDAP may result in the loss of both the RDAP early release benefit and early release due to FTCs if it is determined the inmate is "opting out" despite having an identified need.

# EXHIBIT #2

## First Step Act (FSA) FAQs

# FSA TIME CREDIT PROGRAM PARTICIPATION AND CALCULATIONS

## What does it mean to successfully participate in programs?

To be eligible, you are considered to be "successfully participating" in recommended programming or activities as long as the following situations do not occur: placement in SHU, designation status outside the institution (e.g., extended medical placement at a hospital, escorted trip, furlough), temporarily transferred to the custody of another federal or non-federal agency (e.g., writ), placed on a mental health/psychiatric hold, or choose to "opt out."

## What does it mean to "opt out" of a program?

If you "opt out" of a program, you are choosing not to participate in recommended programming. While opting out will not, by itself, be considered a disciplinary violation, violations of specific requirements or rules of a particular recommended program or activity may be considered a disciplinary violation. If you are eligible for FTC and "opt out," you will not earn FTC until the date the you decide to "opt in" (choose to participate in recommended programming again).

## What programs count for FSA Time Credits?

All approved FSA Programs for FTC are listed in the FSA Programs Guide. A copy of the guide is posted on TRULINCS. The programs listed in the guide are the only structured, curriculum-based programs that qualify for FTC. Unit Team may also recommend unstructured activities such as fitness, maintaining family connections, or engaging in community service, which are also eligible for FTC.

## Are FSA programs mandatory to complete? Is there a difference between choosing to "opt out" of a program versus refusing a program?

Some mandatory programs, such as Drug Education and GED, now count as FSA programs. Refusing participation in mandatory programs results in consequences, such as pay limits, commissary limits, or "poor" responsibility on custody classification. You will not earn FTC if you refuse a mandatory program. Other FSA programs are recommended, not mandatory, but you will fail to earn FTC if you decline to participate.

## How much FSA Time Credit can I earn under the new rule?

After you have completed your risk and needs assessments, if you do not have a disqualifying offense or disqualifying prior conviction, you may begin to earn FTC as long as you successfully participate in recommended programming or activities. For every 30-day period, if your PATTERN risk assessment level is Medium or High, you will earn 10 days of FTC. If your PATTERN risk level is Low or Minimum for two consecutive risk and needs assessments, you may earn an additional five days of FTC for a total of 15 days per 30-day period.

Ex 2, p. 2

## FSA TIME CREDITS PROGRAM

### Can I earn FSA Time Credits if I am not U.S. citizens?

Yes. If you are not a U.S. citizen, you may earn FTC. However, if you are subject to a final order of removal under U.S. immigration laws you cannot have FTC applied toward early transfer to community confinement or supervised release.

The final rule on FTC indicates the following:

### § 523.44 Application of FSA Time Credits.

(a) How Time Credits may be applied. For any inmate eligible to earn FSA Time Credits under this subpart who is: ...

(2) Subject to a final order of removal under immigration laws as defined in 8 U.S.C. 1101(a)(17) (see 18 U.S.C. 3632(d)(4)(E)), the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release.

### Can I lose FSA Time Credits?

Yes. You may lose earned FTC for violation of the requirements or rules of an EBRR program or PA or for other misconduct. You may seek the review of the loss of earned FTC through the BOP's Administrative Remedy Program. Also, you may apply for restoration of FTC after a period of clear conduct.

### If I am on a wait list, can I still earn FSA Time Credits?

FSA Program Wait Lists track your efforts to enroll in assigned programs; therefore, you are still considered to be "successfully participating" and may earn FTC while waiting to participate.

### If I am (1) in BOP custody AND (2) sentenced to a term of imprisonment under the Criminal Code of the District of Columbia, am I eligible to participate in the FSA Time Credits Program?

Currently, D.C. Code offenders are not allowed to have FTC applied to early transfer to community confinement or supervised release. This may change if the laws of the District of Columbia are amended to authorize the application of such credit.